USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT CHAMBERS,

                Petitioner,

      - against -

JAMES T. CONWAY,

                Respondent.

09 Civ. 2175 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The Court has received the attached letter from the petitioner, Vincent Chambers, dated March 14, 2010. The petitioner had initially moved to stay his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Subsequently, he requested that his motion to stay be withdrawn and the Court considered his motion to stay withdrawn. However, it is now clear that the petitioner wishes for his habeas petition to be stayed to allow him to pursue a motion in state court pursuant to New York Criminal Procedure Law § 440.10. Therefore, the petitioner's motion to stay is reinstated.

The petitioner's state court motion argues that the trial court failed to instruct the jury, pursuant to state law, that if it found the defendant not guilty on the grounds of justification of the greater counts in the indictment against him, then it must not consider the indictment's lesser count, on which the petitioner was ultimately convicted.

I

The Court may stay a habeas petition to allow for exhaustion of claims in state court if the petitioner can demonstrate that:  (1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially meritorious, and (3) the petitioner did not intentionally engage in dilatory tactics.  See Rhines v. Weber, 544 U.S. 269, 277-78 (2005); Vasquez v. Parrott, 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005).

II

The petitioner's motion for a stay is denied.

First, the petitioner has failed to show good cause why he did not raise his state-court argument, which is based on the record in the case, on direct appeal.  Therefore, there is no good cause to stay the consideration of the present petition.

Second, the claim is without merit because it could not be considered in state court.  A state court judge, on a motion pursuant to New York Criminal Procedure Law § 440.10, must dismiss the motion if it is based on a record-based claim that could have been raised on direct appeal.  N.Y. Crim. Proc. Law § 440.10(2)(c).

Finally, even if the state court could consider the motion, the claim does not appear to be meritorious.  In this case, the petitioner was tried in state court on three counts: (1) intentional murder in the second degree, (2) depraved indifference recklessness murder in the second degree, and (3) manslaughter in the first degree.  He was acquitted of counts one and two and convicted of count three.

The petitioner argues that the trial court should have instructed the jury that if it found the defendant not guilty of either of the counts of second degree murder on the grounds of justification, then it must not consider the lesser count of manslaughter.  The petitioner cites People v. Roberts, 721 N.Y.S.2d 49 (App. Div. 2001), which, in addition to a series of other New York cases, held that jurors must be charged "that if they found the defendant not guilty of a greater charge on the basis of justification, they [are] not to consider any lesser counts." People v. Feuer, 782 N.Y.S.2d 858, 860 (App. Div. 2004) (citing Roberts, 721 N.Y.S.2d at 49, and other cases).

The trial court, in fact, did give the instruction the defendant claims should have been given when it discussed count one of the indictment.  The trial court instructed the jury that if the jury found that the People had failed to disprove the petitioner's defense of justification as to count one of murder in the second degree, it should return a verdict of not guilty

3

under count one and cease its deliberations.   (Trial Tr. 559.)
However, in discussing count two, the trial court merely
instructed the jury that if it found that the People had proven
all of the elements of count two beyond a reasonable doubt,
"including that the defendant's conduct was not justifiable
under the circumstances," then the jury should find the
defendant guilty under count two.   (Trial Tr. 569.)   The court
then stated, "On the other hand, if the People did not meet
their burden of proof as to any one or more of these elements,
then you will find the defendant not guilty." (Trial Tr. 569.)
The court continued, "[T]hen and only then will you reach a
consideration of count three[,] which is manslaughter in the
first degree."   (Trial Tr. 569.)   As to count three, the trial
court instructed the jury that if it found that the People had
failed to disprove the defense of justification beyond a
reasonable doubt, it "must return a verdict of not guilty."
(Trial Tr. 572.)

     Other courts in this Circuit have found that New York case
law does not require that a trial court specifically instruct a
jury that it must stop consideration of lesser counts if it
finds a defendant not guilty of a greater count based on the
defense of justification, as long as the trial court otherwise
instructs the jury that it must acquit the defendant if the
prosecution fails to disprove the justification defense.   Duncan

v. Fischer, 410 F. Supp. 2d 101, 113-14 (E.D.N.Y. 2006); see
also Love v. Smith, No. 08 Civ. 3746, 2009 WL 2422384, at **8-9
(E.D.N.Y. Aug. 6, 2009) (noting that New York law is "unsettled"
as to whether specific language is required).  In Duncan, the
trial court, after discussing the elements of the four crimes
with which the petitioner had been charged, instructed the jury
that it must find the petitioner not guilty of any crime if the
People failed to disprove justification beyond a reasonable
doubt.  Duncan, 410 F. Supp. 2d at 113.  The trial court did not
give a stop-consideration charge.  See id.  In considering the
petitioner's habeas petition, the district court noted that the
purpose of New York's rule "is to prevent inconsistent verdicts,
such as a finding of not guilty of murder on grounds of
justified use of force in self-defense, but nevertheless guilty
of manslaughter."  Id. at 113-14 (citing People v. Hoy, 504
N.Y.S.2d 939 (App. Div. 1986)).  Because the court in Duncan
found that the trial court's instructions achieved the result
sought by the New York cases, "even if it did so with different
words than those cases suggest," the district court found that
there was no error under state law.  Id. at 114.

    In this case, the trial court gave more specific
instructions than did the trial court in Duncan.  Here, the
trial court clearly instructed the jury, on each of the three
counts, that it must find the petitioner not guilty if the

People did not disprove the defense of justification.

Additionally, the trial court did give the stop-consideration instruction the defendant claims should have been given when it discussed count one.  Because the trial court's instructions accomplished the purpose of the New York rule, it is unlikely that the petitioner's New York Criminal Procedure Law § 440.10 claim is meritorious.

In any event, even if the trial court's instructions were incorrect under state law, that error would not serve as a basis for habeas relief in this Court.  Under § 2254, a writ of habeas corpus disturbing a state-court judgment may issue only if a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Wainwright v. Goode, 464 U.S. 78, 83-84 (1983).  Errors of state law are not cognizable in federal habeas corpus proceedings. Lewis v. Jeffers, 497 U.S. 764, 783 (1990).

Therefore, to prevail in this case, the petitioner "must demonstrate that the instruction was not merely undesirable, erroneous, or even universally condemned, but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment."  Duncan, 410 F. Supp. 2d at 113 (quoting Cupp v. Naughten, 414 U.S. 141, 146-47 (1973)) (internal quotation marks omitted).  "In weighing the prejudice from an allegedly improper charge, the challenged instruction may not be

judged in artificial isolation, but must be viewed in the context of the overall charge." Id. (internal quotation marks omitted).  "The question is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."  Id. (internal quotation marks omitted).

     In this case, the overall charge included the trial court's instructions on all three counts that the jury was to find the petitioner not guilty unless it was convinced that the justification defense was disproven.  It also included the trial court's instruction that the jury was to cease deliberations if it found the defendant not guilty of count one on the basis of justification.  In light of the "almost invariable assumption of the law that jurors follow their instructions," Richardson v. Marsh, 481 U.S. 200, 206 (1987), and the trial court's appropriate instructions as to the defense of justification, it cannot be said that the trial court's alleged state-law error "so infected the entire trial that the resulting conviction violate[d] due process."  Cupp, 414 U.S. at 147; see also Duncan, 410 F. Supp. 2d at 114.


                              CONCLUSION

     All of the above deficiencies in the petitioner's motion for a stay are underscored by the fact that the petitioner

originally was prepared to withdraw the motion in this Court.

For all of the reasons stated above, the motion to stay is

**denied**.   The respondent should respond to the petition for

habeas corpus, as well as the petitioner's motion for an

evidentiary hearing, by **April 23, 2010**.   The petitioner should

submit his reply, if any, by **May 31, 2010**.

**SO ORDERED.**

**Dated:**      **New York, New York**
             **March 26, 2010**

                                    John G. Koeltl
                           United States District Judge

RECEIVED
MAR 17 2010
CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.

UNITED STATES
SUPREME COURT
OF New York
· SD NY ·
SOUTHERN DISTRICT
of New York.

J. Michael McMahon
CLERK of COURT.

09 CIV. 2175:

DATED 3/14/10.

RE: Chambers v. Conway

DISTRICT Judge ASSIGNED · KOELTL.

MAGISTRATE Judge ASSIGNED · ELLIS.

DEAR HONORABLE JUSTICE

KOELTL; please ACCEPT this LETTER IN

BRIEF LIEU OF MORE FORMAL PAPERS.

I've RECENTLY RECEIVED SOME PERTINENT

INFORMATION FROM A PREVIOUS LAWYER

I'd HAD IN THE PAST.

He was very concern about where I was
at with my case, I carefully explained
what I litigated on my CPL 440.20
and 440.10, His response was I,ve
submitted a petition of exhaust and
unexhausted issues; However, under;
Zarvela v. Artuz : J54 F.3d. 374 (2001)
2nd Cir.) thus'; Rhine v. Webber : 125
S.Ct. 1528; I, Vincent Chambers,
petitioner humbly request to have
my entire 2254 petition stayed
and/or held in abeyance To fully
exhaust issues That were unexhausted.
e.g.; issues that were argued within
my CPL 440.20 in lower state court.

I VINCENT ChamBERs, PETITIONER
wished to have this AUTHORIZATION of
the DISTRICT COURT Judge ASsigned, The kANORable
JUSTICE, KOELTL; thus, whenEVER AUThORIZED
I will Engage To MATERIALIZE AN "ERROR
CORAM NOBIS" To The FIRST DEPARTMENT
APPELLATE DIVISION. PETITIONER IS AWARE
ThAT 30 day extensions ARE Required
and ThAT AFTER COMplete exTAUSTION
REQUIREMENTS ARe SATISFIED an Amended
complaint MUST Be Followed.
    I, VINCENT ChamBERs, PETITIONER,
would deeply APPRECIATE his Request
to Stay To be Granted.

Cont'd:

Respectfully
Submitted
By:

DATED: 3/14/10.

Vincent
Chambers
0145254, Pro Se

Upstate Correction
Facility.
POBox 2000
Malone NY 12953.

: ATTENTION :

Please forward Any & ALL Acknowledgements
to Current Address;

Upstate
Correction
Facility
POBox 2000
Malone NY 12953.

CC/. FILE TO:
DISTRICT Attorney's
Office
NIKKI WOODS
198 EAST 161ST
BX. NYC. 10451; thank you!