UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT CHAMBERS,

           Petitioner,      09 Civ. 2175 (JGK)

  - against -                      MEMORANDUM OPINION
                                    AND ORDER
JAMES T. CONWAY,

           Respondent.

JOHN G. KOELTL, District Judge:

    The pro se petitioner, Vincent Chambers, seeks a stay of his habeas corpus petition to allow him to pursue a state court claim of ineffective assistance of appellate counsel. The petitioner alleges that his appellate counsel was ineffective because he failed to argue that the petitioner's state-law right to be present at all phases of his trial pursuant to People v. Antommarchi, 604 N.E.2d 95 (N.Y. 1992), was violated.

I

    The Court may stay a habeas petition to allow for exhaustion of claims in state court if the petitioner can demonstrate that: (1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially meritorious, and (3) the petitioner did not intentionally engage in dilatory litigation tactics. See Rhines v. Weber, 544 U.S.

269, 277-78 (2005); Vasquez v. Parrott, 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005).

II

In this case, while the petitioner's original habeas petition lists "Ineffective Assistance of Counsel" twice as grounds on which the petition is based, it does not refer to ineffective assistance of appellate counsel for having failed to raise the Antommarchi claim on appeal. In support of the petitioner's motion for an evidentiary hearing, the petitioner does include a claim that his trial counsel was ineffective for allegedly denying the petitioner his Antommarchi rights, but that also does not include a claim of ineffective assistance of appellate counsel. The petitioner also included this claim of ineffective assistance of trial counsel in his state-court motion to vacate the judgment against him pursuant to New York Criminal Procedure Law section 440.10.

The petitioner presents no argument or good cause why he did not include his claim of ineffective assistance of appellate counsel in his original habeas petition or attempt to exhaust that claim in state court before now. The petitioner's trial was in 2001, and his direct appeal was decided in 2003. The petitioner filed motions pursuant to New York Criminal Procedure Law sections 440.10 and 440.20 before bringing his habeas corpus

petition in this Court.  Therefore, there is no good cause to stay the consideration of the present petition.

Second, habeas corpus petitioners should not be allowed to engage in dilatory tactics.  In this case, the petitioner made a previous motion to stay based on allegedly improper jury instructions, then withdrew the motion in order to move forward with his habeas petition, and finally sought to have the motion to stay reinstated.  The Court ultimately denied the petitioner's first motion to stay on March 26, 2010.  Shortly thereafter, the petitioner made this second motion to stay.  The petitioner has not explained why he did not include his ineffective assistance of appellate counsel claim in his first motion to stay and the petitioner should not be allowed to continue to delay review of his habeas petition.

## CONCLUSION

For all of the reasons stated above, the petitioner's motion to stay is **denied**.  The respondent should respond to the petition for habeas corpus, as well as the petitioner's motion for an evidentiary hearing, by **June 25, 2010**.  The petitioner

should submit his reply, if any, by **July 23, 2010**.

**SO ORDERED.**

Dated:   New York, New York
         June 8, 2010

_____
John G. Koeltl
United States District Judge